UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FREDERICK MORGAN** | **CIVIL ACTION NO. 24-676-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **STEVE PRATOR, ET Al.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Frederick Morgan ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 16, 2024. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Sheriff Steve Prator as defendant.[1]

Plaintiff claims Steve Prator was the Sheriff and was legally responsible for the overall operation. He claims that on August 8, 2023, Agent Justin Dunn, Agent Stephen Ashcraft, and Agent K. Harris conducted a search of his residence in Shreveport, Louisiana. He claims they did not knock before entering the residence and the warrant provided did not state that it was a no knock warrant.

---

[1] Plaintiff also names Justin Dunn, Stephen Ashcraft, and K. Harris as defendants. The claims against Justin Dunn, Stephen Ashcraft, and K. Harris are addressed in a separate memorandum order.

Plaintiff claims a Chevy Silverado that did not belong to him was seized from the driveway. He claims no warrant of seizure to take the vehicle was filed or signed.

Plaintiff claims that on August 8, 2023, Agent Dunn and Agent K. Harris used excessive force against him by choking him and slamming him to the floor while he was in handcuffs. He claims the use of force against him caused his blood pressure to be excessively high.

Plaintiff claims Agent Ashcraft went to his wife Shaquita Herrin's place of employment and defamed his character. He claims Agent Ashcraft told his wife that he was cheating on her and was being untruthful about it. He claims Agent Ashcraft also told her that he was unfit. He claims these statements have caused him embarrassment and extreme mental anguish.

Plaintiff claims he suffered defamation of character, excessive force, loss of wages, P.T.S.D., wrongful incarceration for six pending drug charges, and revocation of his bond.

Accordingly, Plaintiff seeks declaratory and injunctive relief, monetary compensation, damages, costs, a release order, and any additional relief that is just, proper, and equitable.

## LAW AND ANALYSIS

**Supervisory Allegations**

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish that a defendant was either personally involved in the deprivation of a constitutional right or that his wrongful actions were causally connected to the deprivation. A supervisor is not

personally liable for a subordinate's actions in which he had no involvement. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008). Plaintiff has not alleged that Sheriff Prator had any personal involvement in the challenged search, seizure, arrest, alleged excessive force, and detention.

Accordingly, Plaintiff's claims against Sheriff Steve Prator should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

**Conclusory Allegations**

Furthermore, A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to his claims against Sheriff Steve Prator.

Accordingly, Plaintiff's claims against Sheriff Steve Prator should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint

"frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the court finds that the claims against Sheriff Steve Prator based upon a violation of Plaintiff's civil rights lack an arguable basis in law and fact and are frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's claims against Sheriff Steve Prator be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 7th day of November 2024.

Mark L. Hornsby
U.S. Magistrate Judge